No. 16-3076

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

RALPH DALE ARMSTRONG,

*Plaintiff-Appellee*,

*v.*

MARION G. MORGAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin
No. 12-cv-426-bbc—Barbara B. Crabb, *Judge*.

## MOTION TO DISMISS APPEAL

> Arthur Loevy
> Jon Loevy
> Mark Loevy-Reyes
> Steve Art
>    *Counsel of Record*
> Sam Heppell
> LOEVY & LOEVY
> 311 N. Aberdeen St., 3rd Fl.
> Chicago, Illinois 60607
> (312) 243-5900
> steve@loevy.com
> *Attorneys for Plaintiff-Appellee*

Plaintiff-Appellee Ralph Armstrong, by his attorneys, Loevy & Loevy, moves to dismiss Defendant-Appellant Morgan's appeal, stating in support as follows:

**INTRODUCTION**

Trial in this case had long been set for September 12, 2016. On August 1st, Morgan filed this collateral-order appeal from the district court's denial of her assertion of qualified immunity at summary judgment. To preserve the trial date, Armstrong moved in the court below to certify the appeal as frivolous. The district court deemed the question a very close call, but it decided to stay the case and defer to this Court's resolution of the matter.

Under the circumstances, Armstrong respectfully submits that this Court should summarily dismiss Morgan's appeal and remand the case for trial. The appeal has no legitimate legal or jurisdictional basis, it is designed only to further postpone a trial, and it wastes judicial resources by asking this Court to resolve a legal question that it has already answered in this very case.

This is not the first qualified-immunity appeal in the case. See *Armstrong v. Daily*, 786 F.3d 529 (7th Cir. 2015). This Court's jurisdiction over a qualified-immunity appeal is limited to pure questions of law, and the only question of law that Morgan intends to present on appeal is exactly the same as one that this Court resolved against other defendants during the earlier appeal. There is no reason the Court would resolve that legal question differently for Morgan than it did for the other defendants, so Morgan's appeal is frivolous. To the extent Morgan intends to

challenge the lower court's determination that factual disputes require a trial, such arguments are beyond this Court's jurisdiction. The appeal should be dismissed.

## DISCUSSION

**A.     Procedural History—Armstrong's Long Wait for a Trial**

Armstrong alleges that the defendants, including Morgan, violated his constitutional rights when they framed him for a rape and murder he did not commit, causing his wrongful conviction and 30 years of imprisonment. Among other things, Armstrong asserts that in 2006 Morgan and another defendant destroyed exculpatory DNA evidence that would have proven his innocence. See generally *Armstrong, supra.*

Armstrong's civil case has a long history. He filed his complaint in 2012; the defendants' motions to dismiss asserting qualified immunity were denied in 2013; defendants Daily, Campbell, and Norsetter filed an appeal in 2014, which this Court resolved against them in 2015; and in July 2016, after discovery, the district court denied the defendants' motions for summary judgment in large part, Dkt. 1-1 at 7-45. Trial had been set for September 12th. *Id.* at 53.

On August 1, 2016, Morgan filed a notice of appeal from the denial of her motion for summary judgment, Dkt. 1-1 at 1, and a motion to stay pending appeal, Exhibit A (Dist. Ct. Dkt. 228). Citing *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), which authorizes district courts to retain jurisdiction when frivolous interlocutory appeals are filed, the district court denied Morgan's motion to stay, ordering her to explain how her appeal could be successful when the other

defendants' previous appeal raising the same issue had been resolved against them. Exhibit B (Dist. Ct. Dkt. 229). In response, Morgan argued that (1) the Seventh Circuit might resolve the appeal differently based on the full summary judgment record, and (2) the elements of a constitutional claim for destruction of exculpatory evidence were not clearly established at the time of her misconduct in 2006. Exhibit C (Dist. Ct. Dkt. 230). Armstrong moved to certify the appeal as frivolous under *Apostol*, pointing out (1) that Morgan's fact-based arguments are outside of this Court's appellate jurisdiction, and (2) that the legal argument Morgan advanced had already been resolved against defendants Daily and Campbell during the first appeal. Exhibit D (Dist. Ct. Dkt. 234).

　　　The district court granted Morgan's motion to stay. Exhibit E (Dist. Ct. Dkt. 243). Though it "share[d] plaintiff's concerns about further delays in this case" and expressed "doubts about Morgan's chances of success," the court declined to certify the appeal as frivolous. *Id.* at 2. The court wrote, "In light of the length of time this case has been pending, I anticipate that the [Seventh Circuit] will make the case a priority for a swift decision." *Id.*

**B.　　Appellate Jurisdiction Does Not Extend to Morgan's Fact Arguments**

　　　At summary judgment, the district court concluded that a jury trial against Morgan is necessary, holding that the record presents genuine factual disputes about whether she destroyed exculpatory evidence in bad faith. Dkt. 1-1 at 65-68. Any factual challenge Morgan might present on appeal—including a challenge to

the determination that the evidence is sufficient to require a trial—is beyond this Court's jurisdiction.

*Johnson v. Jones* expressly limits appellate jurisdiction over qualified-immunity appeals to "abstract issues of law" and forbids appellate courts from revisiting lower court decisions about the sufficiency of evidence in the pretrial record. 515 U.S. 304, 313-20 (1995); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) ("*Johnson* held that the collateral orders that are 'final' under *Mitchell* turn on 'abstract,' rather than 'fact-based,' issues of law."); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (denials of immunity at summary judgment are appealable only "to the extent that [the district court's decision] turns on an issue of law"); *Behrens v. Pelletier*, 516 U.S. 299, 312-13 (1996) (appealable orders "resolve a dispute concerning an abstract issu[e] of law relating to qualified immunity . . . —typically, the issue whether the federal right allegedly infringed was clearly established").

This Court has routinely recognized this limitation on its jurisdiction, noting that while defendants may present legal issues in a qualified-immunity appeal based on stipulated facts, "[i]f [the Court] detect[s] a back-door effort to contest the facts, we will reject it and dismiss the appeal for want of jurisdiction." *Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011). To the extent Morgan argues on appeal, as she did in briefing below (see Exhibit C at 2), that her appeal will take issue with the district court's assessment of the facts, her appeal should be dismissed.

4

**C.     Morgan's Appeal Is Frivolous Because This Court Has Already Resolved, In This Very Case, the Only Legal Issue That Morgan Presents**

The only purely legal argument that Morgan intends to present on appeal is frivolous. She asks this Court to reach the opposite conclusion on precisely the same legal question that the Court resolved against her co-defendants during the earlier qualified-immunity appeal. In Morgan's view, she is entitled to qualified immunity because she perceives a "conflict in the Seventh Circuit . . . regarding the essential elements of a claim for a constitutional violation arising out of the destruction of evidence[.]" Exhibit C at 2.

But in the first qualified-immunity appeal in this case, filed by Morgan's co-defendants Daily and Campbell, this Court considered this same argument. See *Armstrong*, 786 F.3d at 555-57. After concluding that the alleged destruction of exculpatory evidence by Daily and Campbell violated Armstrong's constitutional rights, the panel turned to "whether it was clearly established in 2006 that such conduct violated the Constitution." *Id.* at 555.

In support of their claim of immunity, Daily and Campbell made an argument very similar to Morgan's—they asserted that it was not clear in 2006 whether a person who had not been convicted of a crime could bring a civil claim under § 1983 for due process violations. *Id.* at 555-56. In response, this Court wrote:

> This argument is built on a basic misunderstanding about qualified immunity. The issue is not whether issues concerning the availability of a remedy are settled. The qualified immunity defense focuses instead on whether the official defendant's conduct violated a clearly established constitutional right. As we said in *Fields* [*v. Wharrie*], "when the question is whether to grant immunity to a public employee, the focus is on his conduct, not on whether that conduct gave rise to a tort in a particular case." 740 F.3d [1107, 1114 (7th Cir. 2014)].

\* \* \*

> [T]he Supreme Court has repeatedly described the defense of qualified immunity[] in terms of whether the defendant official's 'actions' or 'conduct' violated clearly established law, not in terms of whether a defendant should have realized he would be held civilly liable for his actions or conduct.

*Id.* at 556 (collecting cases). Morgan's argument that the elements of a destruction of evidence claim were unsettled in 2006—assuming that argument has merit—makes the same mistake. It conflates the contours of the civil remedy with the question whether the conduct at issue violated clearly established law.

The *Armstrong* panel expressly concluded that in 2006, when Morgan destroyed crucial evidence, it "had been the law of the land for more than a decade . . . . that the bad-faith destruction of potentially exculpatory evidence—or destruction of evidence with apparent exculpatory value, even without bad faith—violated a criminal defendant's right to due process of law." *Id.* at 556. As a result, the panel rejected the argument that the law governing Armstrong's destruction of evidence claim was not clearly established. *Id.* at 556-57.

There is no reason that Morgan's appeal of this same legal issue would be resolved in her favor this time around. The only difference is that Morgan did not appeal the first time and her co-defendants do not appeal here. The legal issue Morgan raises on appeal is frivolous, and her appeal should therefore be dismissed.

## CONCLUSION

While qualified-immunity appeals serve the important function of allowing officials entitled to qualified immunity to avoid the burden of discovery and trial, see *Mitchell*, 472 U.S. at 526, the Supreme Court has explicitly called on the courts

of appeals to "weed out frivolous claims" in successive qualified-immunity appeals that have no chance of success and serve only to delay lower-court proceedings, *Pelletier*, 516 U.S. at 310. Morgan's appeal is not a close call—it falls all the way at the frivolous end of the spectrum. The appeal should be dismissed, and the case should be returned to the district court so that Armstrong can preserve the possibility that the district court will proceed with the September 12th trial date.

                              RESPECTFULLY SUBMITTED,

                              **RALPH ARMSTRONG**

                    By:    <u>/s/ Steven Art</u>
                              *Counsel of Record for Armstrong*

**DATED:**    **August 9, 2016**

Arthur Loevy
Jon Loevy
Mark Loevy-Reyes
Steve Art
   Counsel of Record
Sam Heppell
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com
*Attorneys for Plaintiff-Appellee*

7

# CERTIFICATE OF COMPLIANCE WITH
# THIS COURT'S ELECTRONIC CASE FILING PROCEDURE (C)(3)

I, Steven Art, hereby certify that I have filed the foregoing Motion to Dismiss Appeal electronically in searchable PDF format, as required by this Court's electronic case-filing procedure (c)(3).

/s/ Steven Art
*Counsel of Record for Armstrong*

Arthur Loevy
Jon Loevy
Mark Loevy-Reyes
Steve Art
   Counsel of Record
Sam Heppell
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com
*Attorneys for Plaintiff-Appellee*


## CERTIFICATE OF SERVICE

I, Steven Art, hereby certify that I served the foregoing Motion to Dismiss on August 10, 2016, using the CM/ECF system, which effected service on all counsel of record for the Defendant-Appellees listed below:

Catherine M. Rottier
Andrew B. Hebl
Boardman & Clark
U.S. Bank Plaza, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin 53701

　　　　　　　　　　　　　　　　　　　　/s/ Steven Art
　　　　　　　　　　　　　　　　　　　　*Counsel of Record for Armstrong*

Arthur Loevy
Jon Loevy
Mark Loevy-Reyes
Steve Art
　　Counsel of Record
Sam Heppell
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com
*Attorneys for Plaintiff-Appellee*